IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| RAFAEL VILLARREAL, | § | |
|     Plaintiff, | § | |
| | § | |
| V. | § | CA C-07-321 |
| | § | |
| DR. HERRERA, ET AL., | § | |
|     Defendants. | § | |

## MEMORANDUM OPINION AND ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff is an inmate currently incarcerated at the TDCJ-CID's Telford Unit in New Boston, Texas. Proceeding *pro se* and *in forma pauperis*, plaintiff filed a civil rights complaint pursuant to 42 U.S.C. § 1983, alleging that while incarcerated at the Garza West Unit in Beeville, Texas, Dr. Herrera was deliberately indifferent to his serious medical needs (D.E. 1). Service of process on Dr. Herrera was ordered, and his answer is due approximately mid-December (D.E. 8, 9). Plaintiff has filed a motion for appointment of counsel (D.E. 10).

In Bounds v. Smith, the Supreme Court held that a prisoner's constitutional right of access to the courts requires that the access be meaningful; that is, prison officials must provide pro se litigants with writing materials, access to the law library, or other forms of legal assistance. Bounds v. Smith, 430 U.S. 817, 829 (1977). There is, however, no constitutional right to appointment of counsel in civil rights cases. Akasike v. Fitzpatrick, 26 F.3d 510, 512 (5th Cir. 1994); Branch v. Cole, 686 F.2d 264, 266 (5th Cir. 1982). Further, Bounds did not create a "free-standing right to a law library or legal assistance."

Lewis v. Casey, 116 S. Ct. 2174, 2180 (1996).  It is within the Court's discretion to appoint counsel, unless the case presents "exceptional circumstances," thus requiring the appointment.  28 U.S.C. § 1915(e)(1); Cupit v. Jones, 835 F.2d 82, 86 (5th Cir. 1987).

A number of factors should be examined when determining whether to appoint counsel.  Jackson v. Dallas Police Department, 811 F.2d 260, 261-62 (5th Cir. 1986) (citing Ulmer v. Chancellor, 691 F.2d 209 (5th Cir. 1982)).  The first is the type and complexity of the case.  Id.  This case is not complex.  According to plaintiff, Dr. Herrera refused to treat him when he was in distress, deciding instead to refer him to a psychiatrist.  The next day plaintiff became unconscious and had to be flown to a hospital in Corpus Christi for treatment (D.E. 1).  Though serious, plaintiff's allegations are not complex.

The second and third factors are whether the plaintiff is in a position to adequately investigate and present his case.  Plaintiff's pleadings demonstrate he is able to describe the facts giving rise to his claims.  Plaintiff appeared for a telephonic evidentiary hearing on October 17, 2007 where he appeared to be reasonably intelligent, and to understand his case.  Plaintiff can adequately investigate and present his case at this stage.

The fourth factor which should be examined is whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross-examination.  Examination of this factor is premature because the case has not yet been set for trial.

Finally, there is no indication that appointed counsel would aid in the efficient and equitable disposition of the case.  The Court has the authority to award attorneys' fees to a

prevailing plaintiff.  42 U.S.C. § 1988.  Plaintiff is not prohibited from hiring an attorney on a contingent-fee arrangement.  Plaintiff's motion for appointment of counsel (D.E. 10) is denied without prejudice at this time.  This order will be *sua sponte* reexamined as the case proceeds.

ORDERED this 1st day of November, 2007.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE